FILED

2012 MAR 23 AM 10: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

INMATE # F08493

JERMAINE LAMAR PADILLA,

PLAINTIFF(S)

v.

VENTURA COUNTY SHERIFF'S DEPARTMENT, ET AL.,

DEFENDANT(S).

CASE NUMBER:

CV 12-838-UA(CW)

**ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE**

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

_____
Date

_____
United States Magistrate Judge

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☐ Failure to authorize disbursements from prison trust account to pay filing fee
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ District Court lacks jurisdiction
- ☒ Other  See also attached page.

- ☒ Frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).
- ☐ Seeks monetary relief from a defendant immune from such relief.
- ☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. 28 U.S.C. § 1915(g); see O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:

Plaintiff names as defendants the Ventura County Sheriff's Department and six employees (in both individual and official capacities). Plaintiff alleges that, while in the Ventura County Jail, his rights under the Eighth Amendment were violated when Deputy Regan hit him with a broom stick, Deputy Gamble had him placed in a cell with feces and urine in it, Deputies Nunes and Churick put unidentified hormones in his food, and Nurse Fran would not provide adequate medical care.

March 19, 2012
Date

_Carla M. Woehrle_
United States Magistrate Judge

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:

☐ GRANTED    ☒ DENIED (See comments above).

3-21-2012
Date

_____
United States District Judge

CV-73C (10/09)    ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE    Page 1 of 2

Continued... Padilla v. Ventura County Sheriff's Dep't, et al., CV 12-838-UA(CW)

Plaintiff's complaint fails to state a claim as follows:

1. Plaintiff makes no factual allegations or specific legal claims against the Ventura County Sheriff's Department, or Ventura County. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

2. Plaintiff states no claim against Sheriff Geoff in either an official or individual capacity. Plaintiff apparently names the Sheriff simply as supervisor of the jail and of the other defendants. He does not allege that his Eighth Amendment rights were violated by a policy or practice of the County or the County Sheriff's Department (represented by Sheriff Geoff in his official capacity). See Monell v. Dep't of Soc. Srvs., 436 U.S. 658, 98 S.Ct. 807, 50 L.Ed.2d 61 (1978). He does not allege facts supporting a claim that Sheriff Geoff (in his individual capacity) caused Eighth Amendment violations resulting from the direct actions of other Defendants. See Ashcroft v. Iqbal, supra.

3. Plaintiff states no claims against the other Defendants in an official capacity. An official capacity claim is against a defendant based solely on his official position representing a government entity (such as the Sheriff as representing the County), and not based on any actions by that defendant individually. See Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)(on individual vs. official capacity).

4. With respect to his other individual capacity Defendants, Plaintiff's allegations are wholly conclusory, and he does not provide sufficient factual allegations to support his legal claim for Eighth Amendment violations. See Ashcroft v. Iqbal, supra.

5. Plaintiff may be able to amend his complaint to state an Eighth Amendment claim against one or more Defendants in an individual capacity if he can provide factual allegations (simply stating what that individual did or did not do) which would support one or more legal theories (such as excessive force or inhumane conditions of confinement) under the Eighth Amendment. In particular, Plaintiff may be able to amend to state allegations supporting an excessive force claim against Deputy Regan in an individual capacity.

6. Denial of Plaintiff's request to file action without prepayment of full filing fee is without prejudice to filing a new request with submission of a proposed complaint amended in light of the points noted above.